Hitchcock, C. J.
The errors complained of in this case, are disclosed by the bill of exceptions, and may be considered in the order in which they are assigned. The bill of exceptions shows that the plaintiff below, having offered in evidence, the record of a judgment rendered in the court of common pleas of Washington county, in favor of said plaintiff against the defendant, in an action for a nuisance identically the same as set forth in this case, and for the continuance of which nuisance this suit was prosecuted, in order to show the extent or amount of damage, called to the stand Ezra Mitchner, as a witness, and propounded to the witness the following question: “ From what you know of the mill of the plaintiff, and from what the witnesses have on this trial stated, as to the fords, and said lands so flooded, what would you put the damage at, were you in his situation ?” This question was objected to by the defendant’s counsel, and the court overruled the objection, and permitted the witness to answer the question. To this ruling of the court, exception was taken, and it is assigned for error that the court so ruled.
Before the question was propounded, the witness had stated that he had repaired tire mill in 1848, after the dam of the defendant was built. Being acquainted with the premises, he might, perhaps, be permitted to express an opinion as to the amount of damage. But this is somewhat doubtful. He was called, upon, however, not only express an opinion, not alone from his own knowledge, but from what he had heard testified in court, and the reason assigned for it in argument, is, that he was a mill-wright, and, therefore, from science, would make a better estimate than ordinary men. So far as thje injury to the mill is concerned, this might possibly be the case, but I cani’ot perceive how his mechanical knowledge would give him any peculiar qualification to judge of the injury to the fords or to the land, from being overflowed. Besides, the question was objectionable on another ground. The witness was not called upon to estimate the damages as an abstract proposition, but he was called *145 upon to state what he would estimate the damage to himself, provided he had been the owner of the property.
We think the court should not have permitted the question to have been answered, but we should regret to reverse the judgment in the case, were there no other error.
In the further progress of the case, and after the defendants had closed their testimony, the plaintiff offered, as rebutting evidence, the depositions of Alfred Kelley and Samuel Eorrer. These depositions had been taken in the former case between the same parties, upon the same subject matter. They were objected to, but the objection was overruled, and the depositions read to the jury. This is assigned for error.
The ground of objection to these depositions, was, that they were not taken in this case, and, therefore, not competent testimony. It is insisted by the defendant in error, that these depositions were properly received, because the deponents were not within the jurisdiction of the court, that is, not within the county of Washington at the time of the trial, although they are residents of the State of Ohio, and that under these circumstances it was proper to receive the dep ositions, and had the deponents testified in open court, on the former trial, the testimony thus given by them, might have been proven by other witnesses. But admitting such to be the rule of law, there is still a difficulty in this case. The bill of exceptions, as we understand it, does not show that the witnesses were not, in fact, at the time, within the county of Washington. After the statement in the bill of exceptions, that the depositions were offered, it is added, “ said plaintiS offered no evidence to show that said Samuel Eorrer and Alfred Kelley were not in full life, and that their testimony could not again be obtained as before.” From the latter clause of this extract, it might be inferred that the deponents were not within the county, but there is no express allegation to that effect.
But admitting that the deponents were not within the ju risdiction of the court, does it follow that their depositions *146 were competent testimony in this case ? Cases have beem cited by defendant’s counsel to sustain the position, that where a witness has been examined in the trial of a case between two parties, if he leaves the jurisdiction, and a subsequent trial is had between the same, parties, upon the same subject matter, witnesses may be examined to prove what this testimony was on the former trial. The authorities cited from Pennsylvania sustain this position. In those cases, however, the witnesses had left the state. The elementary writers referred to seem to favor this principle.
This court, however, have never admitted this kind of hearsay evidence, unless the witness originally testifying was dead, and to my mind it is extremely doubtful, whether on the whole, the admission of hearsay evidence, even to this extent, is conducive to the ends of justice. Where the attempt is made to prove what a deceased witness testified, the evidence is almost invariably conflicting, and the attention of the jury will be turned from the inquiry upon the issue between the parties, to the inquiry as to what the deceased witness testified. Aware of this difficulty, this court at one time established the rule, that no one should be allowed to testify as to the evidence of a deceased witness, unless he would give the words, and all the words, of that witness. This rule, however, has been departed from, and we now require evidence of the substance of the former testimony. True, there is not the same danger, where the testimony of the witness has been reduced to writing, and is in the form of a deposition. But the same rule must be applied, whether the testimony was in writing, or whether it was given by parol in open court. It is the proof of evidence given in another ease, intended to have effect upon a case in which it was not given.
As before remarked, this court has never admitted this description of evidence, unless the witness first testifying was dead, and this practice, we believe, is sustained by the decisions of the courts in most of the states. We are not *147 prepared to say there might not be other circumstances which would justify an extension of the rule, as, for instance, where the first witness was insane. But to extend the rule so far as to admit this hearsay evidence, because the first witness happened, at the time of the second trial, to be out of the county, would be followed by dangerous consequences. We do not believe it to be consistent with the rules of law, and, in our opinion, the court of common pleas clearly erred in the admission of these depositions.
The court, in charging the jury, instructed them, that the former verdict and judgment were, as evidence, conclusive, as to the plaintiff’s right to recover in this case.
From my earliest reading upon the subject of actions for nuisances, I recollect the impression was made upon my mind, that the first action commenced, was not so much to recover damages, as to establish the fact that the thing complained of was a nuisance, and that it had been erected, or was sustained, or kept up by the defendant. This fact being established, if the nuisance was continued, the plaintiff might have another action for the continuance, and so on, from time to time, if the nuisance was continued. And in the subsequent actions, the plaintiff might recover, not only compensatory, but exemplary damages; such damages as would make it for the interest of the defendant to abate the nuisance. Or the plaintiff might, by proceeding in chancery, compel the abatement. In such subsequent cases, the plaintiff might give the record of the first verdict and judgment in evidence, and if there had' been no change in the state of facts, if the nuisance remained identically the same, it would be conclusive of- the plaintiff’s right to recover. But if there had been any change, as if, for instance, the nuisance complained of, was the flowing back of water, by a dam across a stream, if the height of the dam had been, to any extent, reduced, the question would be still open whether it was or was not a nuisance. Admitting such to be the law, parol evidence must be given to the jury, and from this evidence the jury must determine whether there had or had not been *148 any change, and if not, then the former verdict and judgment would be conclusive. Now apply these principles to the case under consideration. The former verdict and judgment were in evidence, and there was much other evidence in the case. The court, without leaving the jury to inquire whether there had been any change, assumed that there had been none, and instructed the jury that the verdict and judgment were conclusive of the plaintiff’s right to recover. Admitting, then, the correctness of the general doctrine as contended for by counsel for defendant in error, we think the court were wrong in the instruction given, in the unqualified manner in which it was given.
But although such was my early understanding of the law upon this subject, the practice in Ohio, it is believed, has been uniformly different. I have no recollection of the trial of a case of this character, whether it was for the erection, or for the continuance of a nuisance, in which the plaintiff has not been held to prove the nuisance. I have no recollection of any case, in which it has been holden that a prior judgment was conclusive of the right of a plaintiff to a second recovery. After a uniform practice of this character for a period of nearly fifty years, we feel ourselves compelled to say, that in this state, such former verdict and recovery is not conclusive evidence. It is too late now for the court to change this rule, for the purposes of this case. If a change is to be made, it is better, as was well remarked by counsel, that it should be made by the law-making power.
The judgment of the common pleas is reversed with cost, and the cause remanded for further proceedings.